UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESSICA DE LA ROSA,

      Plaintiff,      Case No. 18CV10645

  -against-         COMPLAINT

BAGEL BOB'S ON YORK and 1641 YORK PROPERTY
GROUP LLC,

      Defendants.

---

  Plaintiff, JESSICA DE LA ROSA (hereinafter "Plaintiff"), through her undersigned counsel, hereby files this Complaint and alleges as follows:

## INTRODUCTION

  1. This action arises under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq. and its implementing regulations, 28 C.F.R. Part 36, the New York State Executive Law § 296 (the "Executive Law"), the New York State Civil Rights Law § 40 (the "Civil Rights Law") and the Administrative Code of the City New York § 8-107 (the "Administrative Code"; all of the foregoing New York statutes being collectively identified as the "NY Laws").

  2. Plaintiff brings these claims for violation of her civil rights against the Defendants as the result of their failure to provide for a means by which people in wheelchairs may be afforded equal benefit of their services, in violation of 42 USC § 12182(b)(ii) and for the failure to remove architectural barriers, in violation of 42 USC § 12182(2)(A)(iv).

  3. Plaintiff seeks declaratory, injunctive and equitable relief, as well as monetary damages and attorneys' fees, costs and expenses to redress Defendants' unlawful disability discrimination against Plaintiff.

4.	This action seeks, *inter alia*, to make the Defendants' public accommodation accessible so that Plaintiff can finally enjoy the full and equal opportunity that the Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

5.	This Court has jurisdiction over this matter pursuant to 42 U.S.C. §12182 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA.

6.	The Court has supplemental jurisdiction over Plaintiff's related claims arising under the NY Laws pursuant to 28 U.S.C. §1367(a).

7.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' property which is the subject of this action is located in this district.

## PARTIES

8.	Plaintiff has a genetic bone disorder, which prevents her from supporting her own weight, and uses a wheelchair for mobility.

9.	Defendant BAGEL BOB'S ON YORK (the "Bagel Store") owns and operates a public facility primarily engaged in the sale of food and beverages, open to the general public, at the premises known and designated as 1641 York Avenue, New York, New York (the "Property").

10.	Defendant 1641 YORK PROPERTY GROUP LLC (the "LLC") is the owner of the Property (the Bagel Store and the LLC are hereinafter collectively known as the "Defendants").

11. The Bagel Store occupies the Property pursuant to a written agreement with the LLC.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. The Bagel Store is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104) and the NY Laws as its operations affect commerce and among other things, it is an establishment that serves food and drink.

13. Defendants are required to comply with the ADA and the NY Laws.

14. Architectural barriers exist at Defendants' place of public accommodation which prevent and/or restrict access to Plaintiff, a person with a disability.

15. At some time after January 1992, the Defendants, or either of them, made alterations to the Bagel Store.

16. At some time after January 1992 the Defendants, or either of them, made alterations to the primary function areas at the Bagel Store.

17. More specifically, records of the New York City Department of Buildings reveal that the Property underwent an alteration, as it is defined by the ADA, with an estimated cost of $205,000, which was substantially completed in 2016.

18. Plaintiff has been receiving treatment at the Hospital for Special Surgery (the "Hospital") most of her life and she learned of the Bagel Store during her trips there.

19. Plaintiff sought to enter the Bagel Store for the first time, to enjoy a bagel and bring some home, after leaving the Hospital in June, 2018.

20. However, Plaintiff was unable to enter the Bagel Store due to a rise at the entrance which prevented her from entering in her wheelchair.

21. Plaintiff has continued to desire to patronize the Bagel Store, the last time prior to

the filing of this action having been on or about July 24, 2018, but was unable and deterred from doing so due to the rise at the entrance, as more fully detailed below.

22. The services, features, elements and spaces of the Bagel Store are not readily accessible to, or usable by Plaintiff as required by the 2010 ADA Standards for Accessible Design (the "Standards").

23. Because of Defendants' failure to comply with the ADA and the NY Laws, Plaintiff was and has been unable to enjoy equal and complete access to Defendants' place of public accommodation.

24. Defendants' failure to make their place of public accommodation accessible denies Plaintiff the opportunity to participate in or benefit from services or accommodations on the basis of disability.

25. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws.

26. Defendants have failed to satisfy their legal obligation to provide reasonable accommodations for persons with disabilities.

27. Barriers to access within Defendants' place of public accommodation continue to exist, and Plaintiff will continue to suffer discrimination in the future.

28. Plaintiff will continue to visit the Bagel Store and will attempt to enjoy the goods and services provided as soon as the barriers hereinafter set forth have been removed. The barriers to access at the Bagel Store have effectively denied or diminished Plaintiff's ability to patronize the Bagel Store and have caused embarrassment and frustration to the Plaintiff.

29. An investigation of the Bagel Store was undertaken and all of the barriers

hereinafter described were encountered by Plaintiff or have been discussed with her[1]:

The door is recessed and swings outwards. There is a step within the recess approximately 5-6 inches high.

**The following barriers and violations are present at the entrance**:

a)  The rise of over ½ inch at the entrance leaves Plaintiff with no means of entry in her wheelchair (303.4).

b)  There is no level maneuvering clearance at the entrance to allow Plaintiff with a place to sit and open the door (206.2.1, 404, 402.)

c)  Even if Plaintiff was assisted inside, she would be left with no accessible means of egress in an emergency (207.1)

d)  When the alteration completed in 2016 was in progress, an accessible entrance, which was fully possible within the path of travel cost restrictions, could have and should have been provided.[2]

e)  The step at the door violates 206.1, 206.2, and 206.2.1 by failing to provide an accessible route from the sidewalk to the entrance, although it would have been readily achievable when replacing the storefront.

Inside, there is sufficient space for someone in a wheelchair to freely move about. Plaintiff would be able to approach and turn to leave the self-service counter which is provided. There are 19 seats provided, but they are all single leg tables which prevent Plaintiff from rolling up below

---

[1] All numerical citations set forth below refer to the Standards violated.
[2] Anytime alterations are made to a building or facility where ADA deficiencies at the path of travel still exist, up to 20 percent of the construction costs must be spent on barrier removal at the "path of travel". When the cost of improvements made to the path of travel exceeds 20% of the cost of the alteration to the primary function area, the ADA considers this ratio to be disproportionate, in which case the path of travel need only be made accessible to the extent necessary without having to incur the disproportionate cost.

them due to the base.

**The following barriers/violations are noted inside**:

f) There are no tables which provide the necessary clearance to accommodate a person in a wheelchair.

g) There is no accessible path provided to the dining area, in violation of 206.2.5 and 902.1.

h) There is no accessible seating/tables provided which allow enough space for the Plaintiff to comfortably sit in her wheelchair beneath a table (226.1, 226.2, 306, 306.1, 306.2, 306.3, 902.2, 902.3). The table base obstructs wheelchair wheels.

## FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act)

30. Plaintiff realleges and incorporates by reference all of the allegations set forth in this Complaint as if fully set forth herein.

31. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

32. Defendants have discriminated against Plaintiff on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

b. Provision goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

c. Failing to make reasonable modifications in policies, practices, and/or procedures

as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations of the subject property to individuals with disabilities;

    d.    Failing to design and/or construct the subject property so that it is readily accessible to and usable by individuals with disabilities;

    e.    Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

33.    Defendants could have removed the illegal barriers at the Bagel Store by i) ramping the step at the entrance and ii) purchasing ADA complaint tables.

34.    In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

35.    Defendants are required to remove architectural barriers to the physically disabled when such removal is readily achievable for a place of public accommodation that has existed prior to January 26, 1992, 28 CFR § 36.304(a). In the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,1992, then the Defendants are required to ensure, to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26,1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

36.    Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible place of public accommodation.

37. Defendants' violations of the ADA have harmed and will continue to harm Plaintiff in the future.

### SECOND CLAIM FOR RELIEF
(Violation of New York State Executive Law)

38. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

39. The Defendants have, and continue, to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because she is disabled.

40. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

41. The Defendants have discriminated against Plaintiff in violation of Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation.

42. The Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

43. It would not impose an undue hardship or undue burden on the Defendants to make their place of public accommodation fully accessible.

44. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of the Executive Law, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

45. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**THIRD CLAIM FOR RELIEF**
(Violation of the Administrative Code of the City of New York)

46. Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

47. The Defendants have, and continue, to subject Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of disability, in violation of Administrative Code § 8-107(4).

48. The Defendants have discriminated against Plaintiff in violation of Administrative Code § 8-107(4), and Local Law 58 by maintaining and/or creating an inaccessible place of public accommodation.

49. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 58, clarified the scope of the Administrative Code in relation to the New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Administrative Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130.

50. The Administrative Code is to be construed broadly in favor of Plaintiff to the fullest extent possible. <u>Albunio v. City of New York</u>, 2011 NY Slip Op 02480 (N.Y. Court of Appeals, March 31, 2011).

9

51. As a direct and proximate result of the Defendants' unlawful discrimination, in violation of Administrative Code, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, embarrassment, and anxiety.

52. The Defendants' long-standing refusal to make their place of public accommodation fully accessible was egregious, and undertaken with reckless disregard to Plaintiff's rights under the Administrative Code.

53. By failing to comply with the law in effect for decades, the Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome and not desired as patrons of their place of public accommodation.

54. By refusing to make the place of public accommodation accessible, the Defendants have unlawfully profited from their discriminatory conduct by receiving revenues from unlawful space and then pocketing monies they should have lawfully used to make the place of public accommodation fully accessible. The unlawful profits plus interest must be disgorged.

55. Plaintiff has suffered damages in the amount of at least $2,000.00 (TWO THOUSAND DOLLARS) and the total amount shall be determined at trial.

**FOURTH CLAIM FOR RELIEF**
(Violations of New York State Civil Rights Laws)

56. Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

57. The Defendants have discriminated against plaintiff pursuant to Executive Law.

58. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d, in the amount of $500 for each and every barrier and violation.

59. Notice of the Defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

10

## INJUNCTIVE RELIEF

60. Plaintiff will continue to experience unlawful discrimination as a result of the Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order the Defendants to alter and modify their place of public accommodation and their policies, practices and procedures.

61. Injunctive relief is also necessary to make the Bagel Store readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws by compelling Defendants to ramp the entrance to the Bagel Store and installing ADA compliant tables.

## DECLARATORY RELIEF

62. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by the Defendants against Plaintiff as to the policies, practices, procedures, facilities, goods and services.

## ATTORNEY'S FEES, EXPENSES AND COSTS

63. In order to enforce Plaintiff's rights against the Defendants, Plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, in favor of Plaintiff, containing the following relief:

A. Enter declaratory judgment declaring that the Defendants have violated the ADA and implementing regulations, Executive Law and Administrative Code and declaring the rights of Plaintiff as to the Defendants' place of public accommodation, and its policies, practices and procedures

B.	Issue a permanent injunction ordering the Defendants to remove all violations of the ADA, Executive Law and Administrative Code, including, but not limited to, the violations set forth above;

C.	Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.	Award at least $2,000.00 (TWO THOUSAND DOLLARS) to Plaintiff as compensatory damages as a result of the Defendants' violations of the NY Laws;

E.	Award Plaintiff $500.00 (FIVE HUNDRED DOLLARS) for each and every barrier and violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

F.	Pursuant to New York State Civil Rights Law § 40-d, find the Defendants guilty of a class A misdemeanor for violating New York State Civil Rights Law;

G.	Award reasonable attorneys' fees, costs and expenses pursuant to the Administrative Code;

H.	Find that Plaintiff is a prevailing party in this litigation and award reasonable attorney fees, costs and expenses pursuant to the ADA; and

I.	For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: November 14, 2018

*Donald J. Weiss*
Donald J. Weiss, Esq. (7619)
Attorney for Plaintiff
363 Seventh Avenue, 4th Floor
New York, New York 10001
(212) 967-4440